

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
SHREVEPORT, LOUISIANA
DATE 01/28/15
            smd

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:15-cr-00012-01 |
| | * | 18 U.S.C. § 1343 |
| VERSUS | * | 18 U.S.C. § 982 |
| | * | |
| ADLEY LEO DYSON JR. | * | Judge Minaldi |
| | | Mag. Judge Kay |

### INDICTMENT

THE FEDERAL GRAND JURY CHARGES:

At all times material to the Indictment:

1. Defendant, ADLEY LEO DYSON JR, was a resident of the Western District of Louisiana, owning the property located at 147 John Street, Cameron, Louisiana.

2. On or about November 25, 2003, the residence located at 147 John Street, Cameron, Louisiana was destroyed by fire. The Jefferson Davis Electric Company disconnected all electricity to the property on the same date.

3. On May 18, 2004, the Cameron Parish Police Jury sent a letter to the defendant, ADLEY LEO DYSON JR., advising him that the structure on the property had to be demolished and removed from the property because it was uninhabitable as a result of the fire.

4. On September 24, 2005, Hurricane Rita came on shore in southwest Louisiana.

5.  The United States Department of Housing and Urban Development provided funds to the Louisiana Road Home Program for the purpose of aiding residents whose homes were damaged in natural disasters including Hurricane Rita.

6.  In order to be eligible to receive funds from the Louisiana Road Home Program, the applicant had to own a home or condominium; that home or condominium had to be the applicant's primary residence; and that home had to have been damaged in either Hurricane Katrina or Rita.

**COUNT 1**
**18 U.S.C. § 1343**
**Wire Fraud**

**SCHEME TO DEFRAUD**

1.  On an unknown date but reasonably near September 28, 2005, and continuing until on or about March 17, 2010, in the Western District of Louisiana and elsewhere, the defendant, ADLEY LEO DYSON JR., did knowingly and intentionally create a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises as set forth more fully below.

2.  On July 3, 2007, the defendant, ADLEY LEO DYSON JR., submitted an application to the Louisiana Road Home Program fraudulently claiming that his home located at 147 John Street, Cameron, Louisiana was his primary residence at the time of the hurricane and that it was damaged or destroyed as a result of Hurricane Rita.

3. On December 18, 2007, the defendant, ADLEY LEO DYSON JR., signed a Louisiana Road Home Program Benefit Selection Form for a total benefit of one hundred eighteen thousand one hundred fifty dollars ($118,150.00).

4. On January 3, 2008, as a result of the application described above, the HGI Catastrophic Services, LLC wired funds in the amount of eighty eight thousand eighty dollars ($88,080.00) to Capital One Bank account number xxx1519, located in Cameron, Louisiana, belonging to ADLEY LEO DYSON JR.

5. On August 11, 2008, as a result of the application described above, the HGI Catastrophic Services, LLC wired funds in the amount of thirty thousand dollars ($30,000.00) to Capital One Bank account number xxx2111, located in Cameron, Louisiana, belonging to ADLEY LEO DYSON JR.

6. On November 6, 2009, the State of Louisiana, Office of Community Development sent the defendant, ADLEY LEO DYSON JR., a letter advising him, that the LRHP fund cap per applicant had been raised and that he might be eligible for an additional thirty-one thousand eight hundred fifty dollars ($31,850.00) in compensation grant funds. In order to be eligible, the applicant had to have been entitled to funds from the Louisiana Road Home in his original application.

7. On November 9, 2009, the defendant, ADLEY LEO DYSON JR., completed the Louisiana Road Home additional compensation grant payment acceptance form for additional compensation in the amount of thirty-one thousand eight hundred fifty dollars ($31,850.00), and returned it to the Louisiana Road Home Program.

**THE CHARGE**

On or about March 3, 2010, in the Western District of Louisiana and elsewhere, the defendant, ADLEY LEO DYSON JR., having devised the above described scheme and artifice to defraud, and to obtain money through false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute the scheme, did knowingly cause to be transmitted by means of wire communications in interstate commerce, certain signals, signs, sounds, and writings that is, a wire transfer in the amount of thirty-one thousand eight hundred fifty dollars ($31,850.00) from HGI Catastrophic Services, LLC through The Independent Bankers Bank located in Irving Texas, to Capital One Bank located in Richmond Virginia and thereafter to Capital One Bank, account number xxx111, located in Cameron, Louisiana belonging to ADLEY LEO DYSON JR., all in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## Notice of Forfeiture
## 18 U.S.C. § 982

A)   The allegations of Count 1 of this Indictment are realleged and incorporated as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

B) As a result of violations of Title 18, United States Code, Section 1343 in Count 1 of this Indictment, the defendant, ADLEY LEO DYSON JR., shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation. Such property includes, but is not limited to the following:

 (1) One hundred forty nine thousand nine hundred thirty dollars ($149,930.00)

C) By virtue of the commission of the offense charged in Count 1 of this Indictment, any and all interest the defendant, ADLEY LEO DYSON JR., had in the above described property is vested in the United States and is forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(2).

D) If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third person;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or
5. has been co-mingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, ADLEY LEO DYSON JR., up to the value of the property identified above as being subject to forfeiture.

All in violation of Title 18, United States Code, Section 982(a)(2). [18 U.S.C. § 982(a)(2)].

         A TRUE BILL:

         *REDACTED*
         FOREPERSON: FEDERAL GRAND JURY

STEPHANIE A. FINLEY
United States Attorney

By: /s/ John Luke Walker
  JOHN LUKE WALKER (Bar No. 18077)
  Assistant United States Attorney
  800 Lafayette Street, Suite 2200
  Lafayette, LA 70501
  Telephone: (337) 262-6618