UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NUMBER 15-00012-01 |
| v. | * | February 3, 2016 |
| ADLEY LEO DYSON, JR. | * | Shreveport, Louisiana |

* * * * * * * * * * * * * * * * * *

TELEPHONE CONFERENCE

Certified transcript of proceedings before the Honorable Donald E. Walter, United States District Judge.

APPEARANCES:

FOR THE GOVERNMENT: John Luke Walker
Robert F. Moore
United States Attorney's Office
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501

FOR THE DEFENDANT: Cristie Gautreaux Gibbens
Federal Public Defender's Office
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501

REPORTED BY: Myra Primeaux, RMR, CRR
Post Office Box 348
Alexandria, Louisiana 71309-0348
Phone: (318) 442-3080

Proceedings recorded by mechanical stenography, transcript produced by computer.

THE COURT: Hello?

MR. WALKER: Hello, Judge. It's Luke Walker and Christi Gibbens.

MS. GIBBENS: Hi, Judge.

THE COURT: How are you?

I've got before me an order signed by the chief judge, essentially: Considering the inability of the presiding judge to be present at the ongoing trial, the court appoints me, Donald Walter, as trial judge to conclude the case, the case being *United States of America v. Addly Leo Dyson, Jr.*, Number 15-00012-01. Present by phone for the government is Luke Walker, and for the defendant, Cristie Gautreaux Gibbens.

Am I correct with all that?

MR WALKER: You are correct, Your Honor. Also, Robert Moore is in the room. He is my co-counsel on the case.

THE COURT: Okay. Now, I believe I am expecting a motion from both sides? What is that?

MR. WALKER: The defense intends to file a motion which we intend to join. She needs to put on the record the extent of her motion.

THE COURT: All right.

MS. GIBBENS: Your Honor, I'm moving for a mistrial based on a number of issues that arose in voir dire on Monday, the first day of trial. And these issues included: The jurors were not -- they were not qualified as jurors ahead of

time in the voir dire regarding citizenship and those sorts of things. There was no questioning or explanation regarding the burden of proof, presumption of innocence, or Fifth Amendment rights to silence. There were no preliminary instructions and no information on what charges the defendant faced or the duties of jurors, and the jurors were not cautioned not to talk about or investigate the case amongst themselves.

And the following day, on February 2nd, the government asked for curative measures for these defects, and the defense moved for a mistrial. The judge said that we would attempt curative measures. The US Attorney qualified the jurors and instructed jurors on certain issues.

The defense now moves for a mistrial because the curative measures were insufficient to cure the defects and, further, the issue about the jurors not talking amongst themselves or investigating the case on their own was never addressed. And furthermore, the delays in the proceedings beginning yesterday morning at 11:00 prejudices the defense.

I'd like to make a record that I take responsibility for my part in this by not objecting and doing other things to cure these problems, but all of these things combined have adversely affected my client, Mr. Adley Dyson's right to a fair trial.

THE COURT: You've discussed this with him?

MS. GIBBENS: Yes, I have, Your Honor.

THE COURT: And he agrees?

MS. GIBBENS: Yes, he does.

THE COURT: And, Mr. Walker, the government joins in the motion?

MR. WALKER: I do, Your Honor. And just very briefly, the reason I'm joining on this is because I was instructed to, on the second day of trial, essentially re-voir dire and instruct the jury. And I ended up -- based on that order, I instructed the jury as to reasonable doubt, presumption of innocence. I also instructed the jury as to the fact that they could not speak to each other or others pending the outcome of the case. And essentially I became -- at least in appearance sake, I was acting as if I were the judge, and I recognize that's something I can't do. It was not my intention to do that, but as I look back on it, I believe that based on I was told to do, I did, in appearance, become an arm of the court, and I think that prejudices all parties and I don't think that's curable, and so as a result of that, I'm joining in this motion for a mistrial.

THE COURT: All right. I'm going to grant it, and I'll reset it -- give me some time to figure out when to reset it. Okay?

MR. WALKER: Yes, Your Honor.

And, Your Honor, I believe that Ms. Gibbens and I are in discussion at this moment, and if the Court would be willing

to -- I'm gone next week, but the week after next, we can call the Court because I believe we may be able to set this matter for something other than a trial.

THE COURT: Okay. Let me know. Thank you both very much, and I'm sorry that y'all had to go through all of that.

MR. WALKER: Thanks, Judge.

MS. GIBBENS: Thank you, Judge.

THE COURT: Bye-bye.

MS. GIBBENS: Bye.

(End of proceedings.)

**CERTIFICATE**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/ *Myra Primeaux*
Federal Official Court Reporter

Date: February 3, 2016